VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 22-ENV-00012



| | |
|---|---|
| Town of Marshfield v. Harris | MERITS DECISON |

The Town of Marshfield (Town) brings this municipal enforcement action against Henry Harris (Respondent) seeking fines and penalties to address the unpermitted operation of a summer camp (the Camp) at the Property located at 1356 Ennis Hill Road in Marshfield, Vermont (the Property).  The Court held a one-day merits hearing on July 16, 2024 with parties and counsel appearing remotely via the WebEx platform.

In this matter, the Town is represented by Brian P. Monaghan, Esq.  Respondent is represented by Evan Barquist, Esq.

**Facts**

1.   Henry Harris (previously defined as Respondent) owns the property located at 1356 Ennis Hill Road, Marshfield, Vermont (previously defined as the Property).

2.   In 2019, the Town received notice that Respondent intended to host a week-long summer camp at the Property.

3.   The Town informed Respondent that the Property was not approved for this commercial use, and that Respondent would need to apply for a permit to conduct the camp.

4.   Respondent applied for, and received, a permit with the express understanding that the permit was on a one-time basis and would not create a precedent for future years.

5. In 2020, Respondent did not initially apply for a permit even though he intended to host the camp at the Property.

6. In response, the Town Zoning Administrator (ZA) issued Respondent a Notice of Violation.

7. Respondent responded by concurrently submitting to the Town an appeal of the NOV and applying for a permit. The Town received the appeal and the permit application but did not issue a decision in time for Respondent to operate the Camp. Respondent operated the Camp without a permit.

8. On April 1, 2021, the ZA issued a letter to Respondent regarding Respondent's intent to operate the Camp from July 25, 2021 to August 1, 2021. The letter directed Respondent to apply for a Conditional Use Permit.

9. Respondent appealed to the Town's Development Review Board (DRB) the ZA's decision that a Conditional Use Permit was required to operate the Camp.

10. On July 9, 2021, the DRB issued a decision denying Respondent's appeal of the ZA's April 1 letter/decision that Respondent needed to obtain a Conditional Use Permit.

11. Respondent did not appeal the DRB's decision to the Superior Court Environmental Division, which is now final and binding.

12. On July 13, 2021, Respondent applied for a Conditional Use Permit to operate the Camp starting on July 25, 2021, but no action was taken on this application in time for Respondent to operate the Camp.

13. On July 23, 2021, the ZA issued a Notice of Violation to Respondent for failure to obtain a permit to operate the Camp. The NOV was hand-delivered to Respondent on July 23 and was signed by Respondent that day. The NOV was also sent to Respondent via certified mail.

14. Respondent did not appeal the NOV to the DRB and it is therefore final and binding.

15. Respondent operated the Camp from July 25, 2021 through August 1, 2021.

16. Respondent was aware that operating the camp without a permit could result in fines and penalties with a maximum of $200 per day.

### Discussion

As explained in this Court's January 21, 2024 Decision, neither the July 9, 2021 DRB Decision nor the subsequent July 23, 2021 Notice of Violation were appealed to the Superior

Court Environmental Division.  <u>Town of Marshfield v. Harris</u>, No. 22-ENV-00012, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. Jan. 31, 2024) (Durkin, J.).  Accordingly, those two decisions are now final and binding.  These decisions established that Respondent was required to obtain a conditional use permit, which he failed to do before operating the Camp between July 25, 2021 and August 1, 2021.  Accordingly, having established that a violation occurred for these eight days, the only issue for this Court's review is the calculation of penalties pursuant to 24 V.S.A. § 4451.

This Court has broad discretion in setting fines for violations of municipal bylaws.  <u>In re Beliveau NOV</u>, 2013 VT 41, ¶ 22, 194 Vt. 1.  In doing so, the Court may balance any continuing violation against the cost of compliance and consider other relevant factors, including those specified in the Uniform Environmental Law Enforcement Act (UELEA).  <u>Id</u>. at ¶ 23.  In zoning enforcement cases, the court assesses a daily penalty for the period in which a landowner had the benefit of the violation.  24 V.S.A. § 4451(a) (authorizing the imposition of up to $200 per violation of a zoning bylaw and establishing that each day that such violation continues is a separate offense).  Such penalties are designed to remove the economic benefit and any avoided costs achieved by the landowner from the violation, as well as to compensate the municipality for the costs of bringing the enforcement action.  <u>In re Beliveau NOV</u>, 2013 VT 41, ¶¶ 23-25.  Lastly, we keep in mind that fines authorized by 24 V.S.A. § 4451(a) are civil in nature, not punitive.

The first UELEA factor is the degree of actual or potential impact on public health, safety, welfare, and the environment resulting from the violation.  10 V.S.A. § 8010(b)(1).  The Town has not alleged any impacts to health, safety, welfare, or the environment resulting from the violation.  In fact, the Town has issued Respondent a permit for similar activities for each year that he timely applied for conditional use review.  Accordingly, this factor weighs against a large penalty.

We next look at whether there are any mitigating factors such as unreasonably delay by the municipality in seeking enforcement.  10 V.S.A. § 8010(b)(2).  Respondent has not alleged that there was any undue delay in bringing this enforcement action.

The third and fourth factors are whether Respondent knew or had reason to know the violation existed and his record of compliance. Respondent was put on notice in 2019 and 2020 that he needed to obtain a conditional use permit in order to operate the Camp. Respondent failed to timely apply for a permit in both 2020 and 2021 despite receiving one in 2019. Furthermore, Respondent testified that he was aware he could be subject to fines and penalties for operating the Camp in 2021 without permit approval. There is no evidence of final determinations of other violations by Respondent. Accordingly, Respondent knew the violation existed and proceeded to operate the camp without a permit. This factor weighs in favor of a large penalty.

The fifth factor is the deterrent effect of the penalty. Respondent has since applied for and received a permit to host events on the Property. Respondent has, however, demonstrated a knowing willingness to ignore necessary Town approvals. The Court believes a significant daily fine is necessary to ensure a deterrent against future violations.

Lastly, we consider the municipality's actual costs of enforcement. 10 V.S.A. § 8010(b)(7). At trial, the Town requested the maximum penalty amount of $200 per day plus $7,240 for the costs of attorney fees incurred to defend against Respondent's counterclaims. In seeking this reimbursement, the Town argues that the counterclaims were baseless and had no plausible legal foundation given the final and binding NOV. We agree with the Town that those counterclaims were an impermissible collateral attack on the NOV and had no viable chance of success. We are unaware, however, of any authority allowing this Court to exceed the $200 per day penalty.

"Vermont follows the 'American Rule' with respect to attorneys' fees. . . and generally does not award fees absent statutory authority or a contractual obligation." Vermont Women's Health Center, 159 Vt. 141, 151 (1992) (internal citation omitted). Here, the Town points to no specific statutory provision beyond the statutory daily maximum of $200 per day allowing the Court to grant its request for attorney's fees. Rather, the Town suggests that because one of the UELEA factors is the Town's actual enforcement costs, this Court has authority to exceed the $200 daily penalty if necessary to recoup those costs. This Court has previously only considered a town's enforcement costs in determining the amount of a penalty up to $200 per offense, and we are unaware of any case where this Court exceeded that statutory maximum. While we

recognize that the Town has pursued this action at a considerable expense, the costs associated with responding to Respondent's counterclaims may only be considered in the context of the $200 per day penalty pursuant to 24 V.S.A. § 4451. Accordingly, we conclude that the Town's actual costs of enforcement warrant the maximum $200 per day penalty.

Taking into consideration the various UELEA factors, particularly the Town's high costs of enforcement, we conclude that the facts of this case warrant the maximum penalty of $200 per day that the violation occurred. The violation at issue occurred for eight days, which leads to a total penalty of $1,600.

Respondent is therefore **ORDERED** to immediately pay to the Town $1,600 in penalties.[1]

This concludes the matter before the Court. A Judgement Order accompanies this Decision.

Electronically signed July 17, 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] At the start of Trial, the Town withdrew it's request for injunctive relieve as Respondent has received Town approval for camp activities.